IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID G. VIDAL,            Case No. 2:16-cv-00072-HZ

        Petitioner,            **OPINION AND ORDER**

     v.

MARK NOOTH,

        Respondent.

Mark Ahlemeyer
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

        Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, Judge.

Petitioner is currently in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 23) is DENIED, and this case is DISMISSED.

## BACKGROUND

On May 27, 2009, a Clackamas County jury convicted Petitioner of the following charges stemming from sexual abuse of a minor ("M.H."): two counts of Rape in the First Degree, three counts of Unlawful Sexual Penetration in the First Degree, one count of Sodomy in the First Degree, and two counts of Sexual Abuse in the First Degree. Resp't Exs. (ECF No. 14), Resp't Ex. 101. The court imposed concurrent and consecutive sentences totaling 600 months of imprisonment, to be followed by lifetime post-prison supervision. *Id*. At trial, Nurse Practitioner Vivian O'Dell ("Nurse O'Dell") testified that she diagnosed M.H. as having been sexually abused based on "the history available to [her] at the time, physical examination findings, factors that may increase risk for abuse, as well as [M.H.'s] clear, detailed statements." Resp't Ex. 103 at 125-26. The physical findings included a decrease in hymenal tissue and "angularities" in the posterior portion of M.H.'s hymen, which Nurse O'Dell considered significant, and suggestive of a "penetrating injury." *Id*. at 113-125.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed, rejecting Petitioner's argument that under *State v. Southard*, 347 Or. 127 (2009),[1] permitting

---

[1] In *Southard*, the Oregon Supreme Court determined that the probative value of a medical diagnosis is outweighed by the risk of prejudice where there is no physical evidence of abuse: "Our holding today is narrow. The only question on review is whether a diagnosis of "sexual abuse"—i.e., a statement from an expert that, in the expert's opinion, the child was

HERNANDEZ, Judge.

Petitioner is currently in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 23) is DENIED, and this case is DISMISSED.

## BACKGROUND

On May 27, 2009, a Clackamas County jury convicted Petitioner of the following charges stemming from sexual abuse of a minor ("M.H."): two counts of Rape in the First Degree, three counts of Unlawful Sexual Penetration in the First Degree, one count of Sodomy in the First Degree, and two counts of Sexual Abuse in the First Degree. Resp't Exs. (ECF No. 14), Resp't Ex. 101. The court imposed concurrent and consecutive sentences totaling 600 months of imprisonment, to be followed by lifetime post-prison supervision. *Id*. At trial, Nurse Practitioner Vivian O'Dell ("Nurse O'Dell") testified that she diagnosed M.H. as having been sexually abused based on "the history available to [her] at the time, physical examination findings, factors that may increase risk for abuse, as well as [M.H.'s] clear, detailed statements." Resp't Ex. 103 at 125-26. The physical findings included a decrease in hymenal tissue and "angularities" in the posterior portion of M.H.'s hymen, which Nurse O'Dell considered significant, and suggestive of a "penetrating injury." *Id*. at 113-125.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed, rejecting Petitioner's argument that under *State v. Southard*, 347 Or. 127 (2009),[1] permitting

---

[1] In *Southard*, the Oregon Supreme Court determined that the probative value of a medical diagnosis is outweighed by the risk of prejudice where there is no physical evidence of abuse: "Our holding today is narrow. The only question on review is whether a diagnosis of "sexual abuse"—i.e., a statement from an expert that, in the expert's opinion, the child was

Nurse O'Dell's diagnosis testimony was plainly erroneous. *State v. Vidal*, 245 Or. App. 511 (2011). The court reasoned:

> As noted, *Southard* itself announced a rule that concerned an expert medical diagnosis of sexual abuse "in the absence of any physical evidence of abuse," and it narrowly limited its holding to those circumstances. The present case does not fall within the court's narrow holding. [Nurse] O'Dell testified that her physical findings concerning MH's hymen were "significant." Indeed, she listed those findings as one of the four factors that contributed to her diagnosis of sexual abuse.

*Id.* at 516. The Oregon Supreme Court denied review. *State v. Vidal*, 351 Or. 761 (2012).

Petitioner then sought post-conviction relief ("PCR"). Following a hearing, the PCR court denied relief, noting that at the time of Petitioner's trial, *Southard* had not yet been decided, and finding that in any event a *Southard* objection to Nurse O'Dell's diagnosis testimony would not have been well taken because her testimony *was* supported by physical evidence of sexual abuse. Resp't Ex. 134 at 4. On appeal, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. *Vidal v. Nooth*, 274 Or. App. 722 (2015), *rev. denied*, 358 Or. 449 (2015).

In his Petition for Writ of Habeas Corpus Petitioner alleges one ground for relief, as follows:

> [Petitioner] pleads on information, belief, and personal knowledge that he did not receive effective assistance of trial counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, when his trial counsel failed to object to the admissibility of expert medical testimony regarding a diagnosis of sexual abuse.

Am. Pet. (ECF No. 23) at 3-4.

---

sexually abused—is admissible in the absence of any physical evidence of abuse. We hold that where, as here, that diagnosis does not tell the jury anything that it could not have determined on

**STANDARDS**

The question before this Court is whether the PCR court's decision was contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1) & (2).

It is clearly established federal law that a claim of ineffective assistance of counsel requires a habeas Petitioner to prove counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability the result of the proceeding would have been different, but for counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987). Failure to satisfy either prong of this test obviates the need to consider the other. *Id*. at 687.

This Court's inquiry under *Strickland* is highly deferential. The Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012). The issue is not whether this Court believes the state court's determination under *Strickland* is incorrect, but whether that determination was unreasonable – a substantially higher threshold. *Knowles v. Mirzayance*, 556 U.S. 111, 123-24 (2009); *Hibbler*, 693 F.3d at 1150.

**DISCUSSION**

Petitioner asks this Court to reject the PCR court's factual and legal determinations regarding trial counsel's failure to object to Nurse O'Dell's diagnosis testimony. Turning first to the PCR court's factual determination, Petitioner argues the PCR court erred by finding Nurse O'Dell's diagnosis testimony was supported by physical evidence, because on cross-examination

---

its own, the diagnosis is not admissible under OEC 403." *Southard*, 347 Or. at 142.

Nurse O'Dell conceded that a person can be born with irregularities in the hymen, so according to Petitioner "the physical evidence did nothing to corroborate the alleged abuse." Pet'r's Br. in Supp. (ECF No. 24) at 25-26. A review of the evidence presented in the state court proceedings reveals that Nurse O'Dell presented the jury with photographic evidence to explain the exact nature of her physical findings. Although she acknowledged on cross-examination that the irregularities in M.H.'s hymen could have been caused by something other than sexual abuse, she concluded that in this case they were caused by sexual abuse. In other words, the physical evidence corroborated the other evidence of alleged abuse, and was "significant" to Nurse O'Dell's diagnosis. Accordingly, this Court finds the PCR court's factual determination was not unreasonable.

Next, Petitioner argues that even though *Southard* had not yet been decided at the time of his trial, reasonable counsel would nevertheless have objected to Nurse O'Dell's testimony because, among other reasons, the Oregon Supreme Court had issued a press release outlining the issues it would take up on review. Pet'r's Br. in Supp. at 19. This Court has repeatedly rejected the argument that counsel was constitutionally ineffective for failing to anticipate *Southard*. *See Hatchett v. Hill*, No. 6:06–cv-1023–TC, 2011 WL 7443755 (D. Or. Dec. 21, 2011), *adopted*, 2012 WL 673767 (D. Or. Feb. 29, 2012); *McLain v. Blackletter*, No. 3:08–cv–01440–KI, 2012 WL 3116186 (D. Or. July 27, 2012); *Balogh v. Kilmer*, No. 3:10–cv–1283–AC, 2012 WL 7830039 (D. Or. Nov. 29, 2012), *adopted*, 2013 WL 1352400 (D. Or. Apr. 3, 2013); *Gresser v. Franke*, No. 2:12–cv–02073–HZ, 2014 WL 1155229 (D. Or. Mar. 20, 2014); *Bowen v. Nooth*, No. 2:13–cv–00748–KI, 2015 WL 1492728 (D. Or. April 1, 2015); *Taylor v. Franke*, No. 2:15-cv-01608-MA, 2017 WL 4227683 (D. Or. July 30, 2015). The only case in this district granting habeas relief on a *Southard* challenge involved a unique set of facts and a complicated

procedural posture that is not present here. *See Wells v. Howton*, No. 6:07–cv-1117–TC, 2011 WL 5999356 (D. Or. Aug. 22, 2011), *adopted*, 2011 WL 5999359 (D. Or. Nov. 29, 2011). This case presents a clear-cut question of whether trial counsel was ineffective for failing to object when Nurse O'Dell testified that M.H. had been sexually abused. This Court finds that counsel was not ineffective for that reason, and therefore that Petitioner has not met his burden of showing the PCR court unreasonably applied *Strickland*.

Finally, Petitioner fails to prove prejudice. Assuming for the sake of argument that the trial court had sustained an objection to Nurse O'Dell's diagnosis testimony, more likely than not the jury would still have convicted Petitioner based on other evidence presented at trial, such as M.H.'s in-court testimony, the videotaped interview with child abuse authorities, photographic evidence, Nurse O'Dell's testimony regarding her physical examination of M.H., and other testimony confirming Petitioner's access and interest in M.H. Moreover, even with a preserved objection, there is no reasonable probability of a different outcome on appeal where the Oregon Court of Appeals unequivocally found that this case did not fall within *Southard'*s narrow holding. *State v. Vidal*, 245 Or. App. at 516.

## CONCLUSION

Based on the foregoing, Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 23) is DENIED, and this proceeding is DISMISSED, with prejudice. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.
DATED this 2 day of February, 2018.

Marco A. Hernandez
U.S. District Judge